JAMES R. WILLIAMS, County Counsel (S.B. #271253)
ARYN PAIGE HARRIS, Deputy County Counsel (S.B. #208590)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California  95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendant
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSÉ)

| | |
|---|---|
| FERNANDO LOPEZ, SR., individually and as successor-in-interest to Decedent ISAI LOPEZ; MARIA ESCOBEDO RAMIREZ, individually and as successor-in-interest to Decedent ISAI LOPEZ,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA, a municipal corporation; and DOES 1-50, inclusive,<br><br>    Defendants. | No. 19-CV-02639 EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:   October 3, 2019<br>Time:   10:00 a.m.<br>Dept:   4, 5th floor<br>Judge:  Edward J. Davila |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and *Civil Local Rule 16-9*.

1.  Jurisdiction & Service

The parties agree that the Court has subject matter jurisdiction over this matter because plaintiff alleges a violation of 42 U.S.C. § 1983.  There are no issues regarding personal jurisdiction or venue.  All named parties have been served and answered.

///

///

2.  Facts

a. *Plaintiffs' Allegations*

Plaintiffs Fernando Lopez, Sr. and Maria Escobedo Ramirez are the parents of Isai Lopez. In September of 2018, Isai Lopez was being held in the Santa Clara County jail for failure to appear. Plaintiffs allege that on or about October 11, 2018, they were informed by another inmate that their son, Isai Lopez, was attached and beaten by yet-to-be identified Santa Clara deputies without cause. The next day, October 12, 2018, Isai Lopez spoke with his mother and informed her that deputies had broken his nose.

On October 14, 2018, another inmate contacted Isai Lopez's family to advise them that he witnessed deputies beat Isai Lopez unconscious and then dragged his body out of the cell. Plaintiffs further allege that shortly after this incident the jail was placed on lockdown and Isai Lopez was found dead in his cell.

b. *Defendants' Position*

On October 14, 2018, Isai Lopez committed suicide in his cell. The County has confirmatory videotape footage unequivocally ruling out foul play. The Medical Examiner-Coroner opined the cause of death was handing, and the manner of death was suicide. On February 19, 2019, the Office of the District Attorney issued a report on its investigation and likewise opined that Isai Lopez died by suicide on October 14, 2018.

3.  <u>Legal Issues</u>

The parties do not dispute that 42 U.S.C. §1983 permits a claim for excessive use of force (first cause of action); failure to provide medical care (second cause of action); municipal liability (third cause of action), and violation of familial relationships (seventh cause of action). However, Defendant disputes that there exists factual support for any of these claims.

The parties do not dispute that the fourth cause of action pursuant to Bane Act (Cal. Civ. Code § 52.1) permits a claim but Defendant disputes that facts exist to support this claim. Defendant disputes that the fifth cause of action pursuant to California Penal Code § 242 and the sixth cause of action for negligence permits a claim against the County as an entity. (See Government Code section 815.)

///

4.  <u>Motions</u>

There are no pending motions, however, Plaintiffs may file a motion for leave to amend the complaint's facts and include new causes of action based on discovery. . Defendant will likely file a motion for summary judgment.

5.  <u>Amendment of Pleadings</u>

Plaintiffs may file a motion for leave to amend the complaint's facts and include new causes of action based on discovery.

6.  <u>Evidence Preservation</u>

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

7.  <u>Disclosures</u>

The parties will comply with the initial disclosure requirements of Fed. R. Civ. P. 26. Plaintiffs served their Initial Disclosures on August 7, 2019 and Defendants did so on August 7, 2019.

8.  <u>Discovery</u>

The parties have not completed any discovery. The parties anticipate that they will conduct fact discovery (interrogatories, request for production) and depositions.

Plaintiff intends to propound discovery within the Court's scheduled timeline including but not limited to written discovery for police reports, policies, witness statements related to the incident and depositions of the yet-to-be-identified Defendant deputies, the personnel files of involved officers, third party witnesses and any expert witnesses including a police practices expert and medical expert.

Defendant will likely take the depositions of inmates and plaintiffs. The Parties anticipate that discovery can occur pursuant to the Federal Rules of Civil Procedure.

9.  <u>Related Cases</u>

*Not applicable.*

10. <u>Relief</u>

   *All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

11. <u>Settlement and ADR</u>

   Defendant is not open to a settlement conference or ADR considering the false allegations.

   Plaintiff is open to Settlement Conference and would prefer a Magistrate Judge.

12. <u>Consent to Magistrate Judge for All Purposes</u>

   Defendant declined the magistrate assignment.

13. <u>Other References</u>

   This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. <u>Narrowing of Issues</u>

   Defendant believes that the case could be narrowed after defendant produces video footage and other documents discrediting the allegations.

15. <u>Expedited Trial Procedure</u>

   The Parties do not believe this case is appropriate for handling under the Expedited Trial Procedure.

16. <u>Scheduling</u>

The Parties proposed the following schedule:

Plaintiff proposes the following schedule:

| Activity | Proposed Date |
|---|---|
| Fact Discovery cutoff | September 30, 2020 |
| Expert Disclosures | October 30, 2020 |

| | |
|---|---|
| Rebuttal Expert Disclosure | November 30, 2020 |
| Expert Discovery Cutoff | December 15, 2020 |
| Last Day to File Dispositive Motions | December 18, 2020 |
| Dispositive Motion Hearing | March 18, 2021 at 1:30 PM |
| PreTrial Conference | May 4, 2021 at 2:30 PM |
| Trial | May 17, 2021 |

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

17. <u>Trial</u>

Plaintiff anticipates 7-10 days for trial.

The case will be tried to a jury and the expected length of the trial is anticipated to be five (5) days.

18. <u>Disclosure of Non-Party Interested Entities or Persons</u>

    The County has filed the "Certification of Interest Entities or Persons" required by Civil Local Rule 3-15.  The County certifies that no such interest is known other than that of the named parties to the action.

    Nonapplicable to Plaintiff.

19. <u>Professional Conduct</u>

    The parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. <u>Other</u>

    *None.*

Dated: _____                Respectfully submitted,

                                                  LAW OFFICES OF JOHN L. BURRIS

                                                  By:    /s/
                                                         PATRICK M. BUELNA

                                                 Attorneys for Plaintiffs
                                                 FERNANDO LOPEZ, SR., et al.

Dated: _____	Respectfully submitted,

JAMES R. WILLIAMS
County Counsel

By:   ___/s/_____
ARYN PAIGE HARRIS
Deputy County Counsel

Attorneys for Defendant
COUNTY OF SANTA CLARA

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated: _____	_____
U.S. District Court Judge

2056739